FILED
SUPERIOR COURT
OF GUAM

2021 DEC 13 AM 8: 34

CLERK OF COURT
BY:

**IN THE SUPERIOR COURT OF GUAM**

JOHN WILLIAM ACREE,

                                Plaintiff,

          vs.

GUOXIU YAN,

                               Defendant.

**Superior Court Case No. <u>DM0320-21</u>**

**DECISION AND ORDER DENYING MOTION FOR ORDER ALLOWING SERVICE BY PUBLICATION**

In this divorce action, Plaintiff John W. Acree moves the Court for an Order allowing him to serve process on Defendant Guoxiu Yan through publication and mailing. After reviewing the moving papers and the relevant law, the Court DENIES Acree's Motion for Order Allowing Service by Publication. Acree is directed to effectuate service under the Hague Convention.

## I.    <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

In his Verified Complaint for Divorce, Acree alleges that Yan "is not located on Guam and her address is unknown." V. Compl. ¶ 4 (July 28, 2021). A process server also attempted to locate Yan on Guam but was unsuccessful. Decl. Non-Serv. (Sep. 8, 2021).

Despite denying knowledge of Yan's location, Acree mailed a copy of the Complaint to Yan at an address for a middle school in Liaocheng, China. Decl. Delivery (Nov. 3, 2021). At the motion hearing, Acree advised that he does not believe Yan remains at this middle school where they had worked together and that he has no further information about her whereabouts. He also informed the Court that Yan has never been to Guam. Notably, Acree contends that the parties separated roughly a year before Acree filed the Complaint. V. Compl. ¶ 5.

ORIGINAL

## II.      LAW AND DISCUSSION

Acree seeks to accomplish service under Guam law and rules. First, section 14106 of Title 7 of the Guam Code Annotated provides, "[w]here the person on whom service is to be made . . . cannot, after due diligence, be found on Guam . . . and the fact appears by affidavit to the satisfaction of the court . . . such court or judge may make an order that the service be made by publication of the summons and by mailing the complaint and summons." 7 GCA § 14106(a). Second, the Guam Rules of Civil Procedure similarly provide, "[w]henever a statute or order of court thereunder provides for service of summons . . . . upon a party not an inhabitant of, found within Guam, service shall be made by publication in a newspaper of general circulation for the prescribed time and by mailing such summons, notice or order to the last known residence." GRCP 4(o).

The Guam Rules of Civil Procedure also recognize that, for individuals residing in a foreign country, service may be accomplished by means authorized by the Hague Convention. *See* GRCP 4(f). The Hague Convention governs the service of summons on persons in foreign countries that have signed the treaty. In such circumstances, state and federal service rules for service in those countries are preempted. *See Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 699 (1988) ("By virtue of the Supremacy Clause, U.S. Const., Art. VI, the Convention pre-empts inconsistent methods of service prescribed by state law in all cases to which it applies."). Therefore, according to federal law, when a foreign jurisdiction is a party to the Hague Convention, a court must defer any local provision for service of process (such as Rule 4(o)) and instead follow international treaties. That applies to this case as the People's Republic of China is a party to the Hague Convention. *See* Hague Conference on Private International

ORIGINAL

Law, *China - Central Authority*, https://bit.ly/3Geu97n (last visited Dec. 3, 2021); and U.S. Dept. of State, *China Judicial Assistance*, https://bit.ly/3pkQNnH (last visited Dec. 3, 2021).

As an initial matter, the Court notes that Acree's effort to serve Yan by mailing the Complaint is improper. Article 10 of the Hague Convention states: "Provided the State of destination does not object, the present Convention shall not interfere with the freedom to send judicial documents, by postal channels, directly to persons abroad." Hague Service Convention, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163, Art. 10. Since China objects to Article 10, service by mail to China is not proper. *See* Hague Conference on Private International Law, *China Declarations and Notifications*, https://bit.ly/2ZQ8BhH (last visited Dec 3, 2021).

When service by mail is not available, the Convention provides that service may be effectuated through a two-step process. First, the party attempting service must request service from the foreign state's "Central Authority," an entity designated by the foreign state that is responsible for effecting service in that state. Hague Convention, Art. 3. Second, the Central Authority must effect service in the foreign state "by a method prescribed by [that state's] internal law." *Id.*, Art. 5(a)—(b). The Convention does not itself describe the standard for determining the legal sufficiency of delivery of service of process; thus, the internal law of the forum state controls. *Schlunk*, 486 U.S. at 700.

Turning to Acree's allegation that he does not know Yan's current address, the Court acknowledges that Article 1 of the Hague Convention provides that "[t]his convention shall not apply where the address of the person to be served with the document is not known." Hague Convention, Art. 1. However, Acree agrees that he separated from Yan about a year before he filed for divorce. Even assuming that was the last time Acree saw Yan, the information about

ORIGINAL

her last known address is not automatically deemed stale. The Court finds that Acree must still make attempts to comply with GRCP 4(f) before he attempts to serve by publication.

Finally, the Court notes that publication is not a proper means of service under the Hague Convention. Article 1 of the Hague Convention states, "[t]he present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." Hague Convention, Art. 1. However, "[p]ublication does not require transmittal of documents abroad . . . [therefore] service by publication does not implicate the Hague Convention, because it is not 'service abroad' within the meaning of Article 1." *Eto v. Muranaka*, 57 P.3d 413, 423 (Haw. 2002) (citing *Schlunk*, 486 U.S. at 700). Thus, the Hague Convention does not permit service by publication as an effective means of service.

## III.  CONCLUSION

Based on the foregoing, Acree's motion to serve Yan by publication is DENIED. Plaintiff is directed to accomplish service of process through the means authorized by the Hague Convention as adopted by the People's Republic of China.

SO ORDERED this 11th day of December 2021.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

acknowledge that an elect...
copy of the original was e-mailed to

Date:_____Time:_____
Joseph Bamba, Jr.
Deputy Clerk, Superior Court of Guam

Appearing Attorney:
Gary W.F. Gumataotao, Esq., Law Offices of Gumataotao & Pole, P.C., for Plaintiff John W. Acree

ORIGINAL